**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § **CRIMINAL NO. EP-20-CR-2353-FM** |
| | § |
| **Plaintiff,** | § **SECOND SUPERSEDING** |
| | § **I N D I C T M E N T** |
| **v.** | § |
| | § **CT 1: 21:846 & 841(a)(1)-Conspiracy to** |
| **RODRIGO HORACIO NUNEZ (1),** | § **Possess a Controlled Substance with** |
| **and** | § **Intent to Distribute;** |
| **ERIC SPEED (2),** | § |
| | § **CT 2: 21:841(a)(1)-Possession with** |
| **Defendants.** | § **Intent to Distribute a Controlled** |
| | § **Substance;** |
| | § |
| | § **CT 3: 18:922(a)(6), 924(a)(2), 2-False** |
| | § **Statement During a Firearm Acquisition** |
| | § **and Aiding Abetting the Same; and** |
| | § |
| | § **CT 4: 18:922(o), 924(a)(2)-Unlawful** |
| | § **Possession of a Machinegun** |
| | § |
| | § *Notice of Government's Demand for* |
| | § *Forfeiture* |

THE GRAND JURY CHARGES:

**COUNT ONE**
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(viii))

That on or about June 22, 2020, and continuing through and including August 25, 2020, in

the Western District of Texas, Defendants,

**RODRIGO HORACIO NUNEZ (1), and
ERIC SPEED (2),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together,

and with each other, and with others to the Grand Jury unknown, to commit offenses against the

United States, in violation of Title 21, United States Code, Section 846, that is to say, they

conspired to possess a controlled substance, which offense involved cocaine, a Schedule II

Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **RODRIGO HORACIO NUNEZ (1)** | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(A)(ii) |
| **ERIC SPEED (2)** | 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine | 841(b)(1)(A)(ii) |

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii))

That on or about August 7, 2020, in the Western District of Texas and the District of New Mexico, Defendants,

**RODRIGO HORACIO NUNEZ (1), and**
**ERIC SPEED (2),**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

## COUNT THREE
### (18 U.S.C. §§ 922(a)(6), 924(a)(2), 2)

That on or about May 22, 2020, in the Western District of Texas, Defendants,

### RODRIGO HORACIO NUNEZ (1), and
### ERIC SPEED (2),

in connection with the acquisition of a firearm, to wit:  a Ruger, model Super RedHawk, 454 caliber revolver from FF #1, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant **ERIC SPEED (2)** did knowingly aid, abet, and counsel Defendant **RODRIGO HORACIO NUNEZ (1)** to knowingly make a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant **RODRIGO HORACIO NUNEZ (1)**, under Chapter 44 of Title 18, in that Defendant **RODRIGO HORACIO NUNEZ (1)** stated and represented on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 the answer "yes" in response to question 11.a, which asks "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant **RODRIGO HORACIO NUNEZ (1)** knew he was purchasing the firearm for Defendant **ERIC SPEED (2)**, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT FOUR
### (18 U.S.C. §§ 922(o), 924(a)(2))

That on or about October 13, 2020, in the Western District of Texas, Defendant,

### RODRIGO HORACIO NUNEZ (1),

did knowingly possess a machinegun, to wit:  a Slide Fire bump stock, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violation and Forfeiture Statutes
### [Title 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(viii), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Counts One and Two the United States gives notice to Defendants **RODRIGO HORACIO NUNEZ (1) and ERIC SPEED (2)** of its intent to seek the forfeiture of certain properties upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

### Title 21 U.S.C. § 853. Criminal Forfeitures
### (a) Property subject to criminal forfeiture
\* \* \*

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Firearms Violation and Forfeiture Statutes
### [Title 18 U.S.C. §§ 922(a)(6), 922(o) and 924(a)(2) subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts Three and Four, the United States gives notice to the Defendants **RODRIGO HORACIO NUNEZ (1) and ERIC SPEED (2)** of its intent to seek the forfeiture of the properties described below upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

### Title 18 U.S.C. § 924.
(d)(1) Any firearm or ammunition involved in or used in any knowing violation of . . . section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . .

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraph III and IV.

## III.
### Properties

1. **Ruger Redhawk 454 revolver bearing serial number 553-00617;**
2. **Smith & Wesson model M&P-15, 5.56mm rifle, serial number TH65029;**
3. **Slide Fire bump stock; and**
4. **Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offense.**

## IV.
### Money Judgment

A sum of money that represent the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One and Two for which Defendants **RODRIGO HORACIO NUNEZ (1) and ERIC SPEED (2)** are individually liable.

### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

a.     cannot be located upon the exercise of due diligence;
b.     has been transferred or sold to, or deposited with, a third party;
c.     has been placed beyond the jurisdiction of the court;
d.     has been substantially diminished in value; or
e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as

incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney